UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

STEPHANIE MILLER,

       Plaintiff,

vs.

MIDWEST DENTAL ARTS, INC.,
a Limited Liability Company, and
JAMEY SCHROPP, an Individual,

       Defendants.
_____/

# COMPLAINT

COMES NOW Plaintiff, STEPHANIE MILLER, by and through her undersigned counsel, and sues the Defendants, MIDWEST DENTAL ARTS, INC. (hereinafter, referred to as "MDA"), and JAMEY SCHROPP, individually, (hereinafter, collectively referred to as "Defendants") and allege as follows:

1. That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.. The gravamen of this case is that the Plaintiff was retaliated against for pursuing her rights under the FLSA in violation of Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 215(a)(3) ("anti-retaliation provision"), 28 U.S.C §§ 1331 and 1367, and 42 U.S.C. §2000e-5(f)(3).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were

1

conducting business in this judicial district, and whether 'employers' or not under the FLSA, are still subject to the anti-retaliation provision of the FLSA. "The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage.'" <u>Obregon v. Jep Family Enterprises, Inc.</u>, 710 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010); <u>see</u> <u>Wirtz v. Ross Packaging Co.</u>, 367 F.2d 549, 550–51 (5th Cir.1966) (the "unambiguous language of the statute refutes the district court's view that either the employee or her employer must be engaged in activities covered by the [FLSA's] wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.").

6. That at all times material hereto, Defendant, JAMEY SCHROPP individually, acted directly in the interests of her employer, the Defendant, MDA, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, MDA.

7. Plaintiff was hired to be the HR manager on August 5, 2019; notably, the first HR manager MDA had.

8. On October 29, 2019, Plaintiff was told by JAMEY SCHROPP to handle payroll for the employees.

9. In doing so, Plaintiff was instructed to edit lunch time for all hourly employees, by deducting breaks whether lunch was taken or not, to avoid overtime.

10. Realizing the illegality, Plaintiff notified the Department of Labor on December 26, 2019, which opened up an investigation into this illegal deduction practice.

11. In fact, on February 25, 2020, an investigator came to Defendants' location regarding this investigation, at which point Plaintiff noticed that all MDA files had been removed from her computer.

12. On March 26, 2020, Plaintiff received a DOL notice that needed to be posted regarding the Coronavirus Aid, Relief, and Economic Security (CARES) act.

13. However, she was informed by JAMEY SCHROPP to not post it, which she objected to as this would be a violation of law.

14. Later on that day, JAMEY SCHROPP told her finish up the unemployment letters for the other employees and then fired her.

15. There is no question that the Defendants retaliated against the Plaintiff for her complaints.

## COUNT I
## FLSA RETALIATION-MDA

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint.

16. The Defendant, MDA's termination of Plaintiff was directly, and undisputedly, in retaliation for her complaints of FLSA violations.

17. The Defendant, MDA terminated the Plaintiff for her lawfully having engaged in statutorily protected activity.

18. The Defendant, MDA's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, STEPHANIE MILLER, demands judgment against the Defendant, MDA, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA RETALIATION-JAMEY SCHROPP

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint.

19. The Defendant, JAMEY SCHROPP's termination of Plaintiff was directly, and undisputedly, in retaliation for her complaints of FLSA violations.

20. The Defendant, JAMEY SCHROPP terminated the Plaintiff for lawfully having engaged in statutorily protected activity.

21. The Defendant, JAMEY SCHROPP's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, STEPHANIE MILLER, demands judgment against the Defendant, JAMEY SCHROPP, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, STEPHANIE MILLER, demands trial by jury.

Dated: November 12, 2020.                Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920