UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STEPHANIE MILLER,**

      **Plaintiff,**

v.                                   **Case No: 6:20-cv-2093-WWB-EJK**

**MIDWEST DENTAL ARTS, INC.
and JAMEY SCHROPP,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on Defendants' Amended Motion to Dismiss Amended Complaint ("the Motion"). (Doc. 21.) Plaintiff has responded in opposition. (Doc. 22.) Upon consideration, I respectfully recommend that the Motion be denied.

**I.   BACKGROUND[1]**

This Fair Labor Standards Act ("FLSA") retaliation case arises out of Plaintiff Stephanie Miller's employment with Defendant, Midwest Dental Arts, Inc. ("MDA") and Jamey Schropp. Plaintiff was hired on August 5, 2019, to be MDA's first HR Manager. (Doc. 17 ¶ 7.) Soon after, Plaintiff informed Schropp that MDA's automatic lunch time deduction policy was improper, which Schropp disregarded. (*Id.* ¶¶ 8, 9.) On October 29, 2019, MDA assigned Plaintiff to handle payroll for the company and

---

[1] This account of the facts is taken from Plaintiff's Complaint (Doc. 1), the allegations of which the Court must accept as true in considering Defendants' motion to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

instructed her to edit lunch time for all hourly employees by deducting time for lunch breaks *whether it was taken or not*, "to avoid overtime." (*Id.* ¶¶ 10, 11.)

Plaintiff notified management at MDA, specifically Jessica Doubek and Tabitha Jahlas, in writing, that MDA's policy of automatically deducting lunch breaks was a violation of the FLSA. (*Id.* ¶¶ 12, 13.) However, they indicated the policy was to continue. (*Id.*) Plaintiff also continued to verbally complain to Schropp, virtually every pay period, that this continued practice was illegal, but nothing changed. (*Id.* ¶ 14.)

Ultimately, on December 26 and 27, 2019, Plaintiff notified the Department of Labor ("DOL") of MDA's practice (the "DOL Complaint") and in February 2020, a DOL investigator came to MDA to investigate the policy of automatic lunch time deductions. (*Id.* ¶¶ 15–17.) Within days of DOL's visit, "Plaintiff noticed that all of her files had been removed from her computer and she was locked out of the payroll system" in response to her DOL Complaint. (*Id.* ¶¶ 17–18.)

Then, on March 25, 2020, Plaintiff sent an email to Ms. Doubek, Ms. Jahlas, and Schropp's wife, Karen Schropp, which included a link to flyers from DOL to be posted in the workplace, including posters related to the Families First Coronavirus Relief Act ("FFCRA") and the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. (*Id.* ¶ 19.) Ms. Jahlas informed Plaintiff not to post the flyers. (*Id.* ¶ 20.) Plaintiff then had a conference call with Ms. Doubek, Ms. Jahlas, and Ms. Schropp, where Plaintiff informed them that the flyers needed to be posted to comply with the law. (*Id.* ¶ 21.) Ms. Schropp informed Plaintiff she could not post them. (*Id.* ¶

22.) Later that day, Schropp fired Plaintiff. (*Id.* ¶ 23.)

Miller's Amended Complaint alleges claims of retaliation against MDA (Count I) and Schropp (Count II) under the FLSA. (Doc. 17.) Defendants now move to dismiss the Amended Complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. 21).

## II.   STANDARD

In order to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

District courts must accept all well-pleaded allegations within the complaint as true. *Twombly*, 550 U.S. at 555. Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

## III. DISCUSSION

Defendants move to dismiss the Amended Complaint in full, arguing: 1) the March 25, 2020, objection to MDA management was not protected activity pursuant to the FFCRA or the FLSA; 2) the FFCRA was not in effect on March 25, 2020; 3) the FFCRA does not apply retroactively; 4) Plaintiff fails to plead that Defendants were "employers" as defined by the FFCRA; 5) the complaint fails to plead knowledge of the DOL Complaint; 6) the Amended Complaint fails to show Schropp's knowledge of the FFCRA objection; and 7) there is no temporal proximity to state a cause of action. (Doc. 21.)

As an initial matter, Plaintiff states in her response that the Amended Complaint does not attempt to allege a claim under the FFCRA. (Doc. 22 at 7–8.) Therefore, the Court focuses solely on the few arguments Defendants lodge against Plaintiff's FLSA retaliation claim.

The FLSA's anti-retaliation provision states that "it shall be unlawful for any person . . . to discharge or in any other manner discriminate against an employee because such employee has filed any complaint . . . under or related to this [Act]." 29 U.S.C. § 215(a)(3). To state a claim for retaliation under the FLSA, a plaintiff must demonstrate that "(1) she engaged in activity protected under [the] act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000) (internal quotation marks omitted).

Defendants argue that Plaintiff's FLSA retaliation claim is subject to dismissal for several reasons. First, Defendants argue Plaintiff did not engage in protected activity under the FLSA. Essentially, Defendants assert that, because Plaintiff is exempt from the FLSA, the FLSA retaliation provision does not extend to cover the complaints she made in this case. (Doc. 21 at 11.)

Plaintiff responds by citing a string of authority standing for the proposition that an employee who otherwise is exempt from the FLSA is nevertheless protected from retaliatory discharge under 29 U.S.C. § 215(a)(3). (Doc. 22 at 3–4.) In *Wirtz v. Ross Packaging Comp.*, 367 F.2d 549, 550–51 (5th Cir. 1966),[2] the former Fifth Circuit held:

> Unlike the wage and hour provisions of Sections 6 and 7 of the Act, which apply only to an "employee . . . engaged in commerce or in the production of goods for commerce," the protections of [the anti-retaliation provision in] Section 15(a)(3) apply, without qualification, to "any employee." The prohibitions of Section 15(a)(3) are similarly unlimited, for they are directed to "any person." Thus the clear and unambiguous language of the statute refutes the district court's view that either the employee or his employer must be engaged in activities covered by the Act's wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.

(quoting 29 U.S.C. § 215(a)(3)) (footnotes omitted). Courts in the Eleventh Circuit continue to follow *Wirtz*. *See, e.g.*, *Cedano v. Alexim Trading Corp.*, No. 11-20600-CIV, 2011 WL 5239592, at *4 (S.D. Fla. Nov. 1, 2011) ("Plaintiffs' exemption from the protections of the wage and hour provisions of the FLSA does not preclude them from

---

[2] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981 are binding on the Eleventh Circuit).

bringing a claim under the retaliatory firing provision of the FLSA."); *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, No. 09-21128CIV-MCALILEY, 2010 WL 1372457, at *6 (S.D. Fla. Mar. 31, 2010) ("Because the lack of individual or enterprise coverage for an overtime claim does not defeat a retaliatory discharge claim, Count II, for retaliatory discharge under 29 U.S.C. § 215(A)(3), will go forward.") In light of *Wirtz*, the undersigned concludes that the FLSA's retaliation provision applies to protect Plaintiff even if she is exempted from the FLSA; thus, the Amended Complaint should not be dismissed on that basis.

Next, Defendants argue that Plaintiff has failed to plead facts to establish that a causal connection existed between her protected activity and her firing. In that vein, Plaintiff must show that "the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360, (2013).[3] In order to do so, a plaintiff "satisfies this element if [s]he provides sufficient evidence of knowledge of the protected expression and that there was a close temporal proximity between this awareness and the adverse . . . action." *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) (internal quotation marks omitted). "A close temporal proximity between the protected expression and an adverse action is sufficient circumstantial evidence of a causal connection for purposes of a prima facie case," and a "period as much as one

---

[3] While *Nassar* arose in the Title VII context, courts in this circuit appear to agree that "[t]here is no meaningful basis on which to distinguish the language in Title VII's anti-retaliation provision and the language in the FLSA's provision." *Kubiak v. S.W. Cowboy, Inc.*, 164 F. Supp. 3d 1344, 1365 (M.D. Fla. 2016) (citing cases).

month between the protected expression and the adverse action is not too protracted." *Id.* (internal quotation marks omitted).

Defendants assert that Plaintiff has not established that she was fired for complaining to the DOL on December 26, 2019, because Defendant was never aware that she made this complaint. (Doc. 21 at 15.) But Plaintiff has alleged that she engaged in other activity of which Defendants were aware. For example, Plaintiff alleges that in October 2019, she complained in writing to MDA management that they were violating the FLSA by engaging in automatic lunch time deductions for their employees. (Doc. 17 ¶¶ 10–12.) She also alleges that nearly every pay period after that, she verbally complained to Schropp that the automatic lunch time deduction policy was illegal. (*Id.* ¶ 14.) Thus, Plaintiff argues that there is at least enough circumstantial evidence for Defendants to have concluded that it was Plaintiff who complained to the DOL on December 26, 2019, ultimately resulting in the February 25, 2020, investigation, since it was Plaintiff who had been complaining for months of the very issue DOL came to investigate. (Doc. 22 at 6.) Additionally, within days of DOL's visit, Plaintiff was locked out of the payroll system, even though she had been assigned to conduct the payroll for MDA, and she was fired one month later, on March 25, 2020. (Doc. 17 ¶¶ 18, 23.)

Taking all these facts as true, as I must, I conclude that Plaintiff has alleged enough to demonstrate that MDA and Schropp became aware of Plaintiff's DOL Complaint when the DOL initiated its investigation of MDA on February 25, 2020, which could plausibly have led to MDA's restricting Plaintiff's access to the payroll

system and Plaintiff's firing one month later. Therefore, I conclude she has plead a prima facie case of FLSA retaliation against both Defendants.

## IV. RECOMMEDATION

Upon consideration of the forgoing, I **RESPECTFULLY RECOMMEND** that Defendants' Amended Motion to Dismiss Amended Complaint (Doc. 21) be **DENIED** and that Defendants be directed to file an Answer to the Amended Complaint within fourteen days of the Court's adoption of this Report & Recommendation.

### NOTICE TO PARTIES

A party has **fourteen days** from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 17, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record